United States Court of Appeals,

Eleventh Circuit.

No. 95-4783

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Fredinardo FERNANDEZ, Defendant-Appellant.

Aug. 28, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-6179-CR-UUB), Ursula Ungaro-Benages, Judge.

Before EDMONDSON, COX and BARKETT, Circuit Judges.

PER CURIAM:

Fredinardo Fernandez appeals his 87-month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (1994).

Fernandez was convicted on his plea of guilty, and was sentenced based on facts contained in the Presentence Investigation Report ("PSI"). According to the PSI, Fernandez's arrest was the result of a sting operation conducted by the Drug Enforcement Administration ("DEA"). The DEA received information about a load of cocaine that would be transported from Columbia to Miami, and successfully intercepted 308 kilograms of cocaine. An individual cooperating with the DEA negotiated with Ezequiel Ince to arrange delivery of the cocaine to Ince in Miami. The negotiations involved several meetings and telephone calls. Fernandez was present at one of these meetings, when the cooperating individual told Ince that 308 kilograms of cocaine would be released if Ince

could come up with $50,000 to pay for transporting it.  Fernandez told the cooperating individual that if he was given 25 kilograms of the cocaine to sell, he could have the money within two hours.

At sentencing, the district court set Fernandez's base offense level at 34, based on information in the PSI that Fernandez's involvement in the conspiracy was limited to the proposed sale of 25 kilograms of cocaine.  *See* United States Sentencing Guidelines, *Guidelines Manual,* § 2D1.1(a)(3) & (c) (Nov. 1994).  Also in accordance with the PSI, the court adjusted Fernandez's offense level downward two levels under U.S.S.G. § 3B1.2(b) for his minor role in the offense.

Fernandez argued in the district court, and now argues on appeal, that his role in the offense was "minimal," entitling him to a four-level reduction under U.S.S.G. § 3B1.2(b).  Fernandez contends that the relevant conspiracy for determining his role in the offense is the 308-kilogram conspiracy, rather than the 25-kilogram conspiracy, and that his role in the 308-kilogram conspiracy was minimal.  Thus, he argues, the district court erred in finding that his role in the offense was minor, and that he was entitled only to a two-level reduction under § 3B1.2(a).

The Government responds by arguing that the district court correctly relied on Application Note 4 to § 3B1.2 in determining whether Fernandez's role in the offense was "minor" or "minimal." Application Note 4 provides:

> If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious

offense.

U.S.S.G. § 3B1.2 comment. (n. 4). The Government argues that the relevant offense for determining whether Fernandez has a minor or minimal role is the 25-kilogram conspiracy on which Fernandez's offense level was based, rather than the 308-kilogram conspiracy for which his co-conspirator was held responsible.

While Application Note 4 does not apply to this case, its logic controls the result we reach. The note does not apply because Fernandez was convicted of conspiracy, and his criminal conduct would not support a conviction for any more serious offense. But the logic of Application Note 4 does apply, because Fernandez is not substantially less culpable than other defendants whose conduct involved a 25-kilogram conspiracy. *See United States v. Lampkins,* 47 F.3d 175, 181 n. 3 (7th Cir.1995). We hold that the conspiracy on which a defendant's base offense level is founded is the relevant conspiracy for determining role in the offense. *Id.* at 180-81; *United States v. Atanda,* 60 F.3d 196, 198-99 (5th Cir.1995). Thus, the district court correctly determined Fernandez's role in the offense by reference to the 25-kilogram conspiracy. Furthermore, the district court's finding that Fernandez did not have a minimal role in the 25-kilogram conspiracy was not clearly erroneous. *See United States v. Camargo-Vergara,* 57 F.3d 993, 997 (11th Cir.1995) (sentencing court's determination of defendant's role in offense is factual finding reviewed for clear error).

AFFIRMED.