United States Court of Appeals,

Eleventh Circuit.

No. 96-8855.

UNITED STATES of America, Plaintiff-Appellant,

v.

Tom EVERETT, Defendant-Appellee.

Nov. 25, 1997.

Appeal from the United States District Court for the Northern District of Georgia.

Before EDMONDSON and DUBINA, Circuit Judges, and LIMBAUGH[*], Senior District Judge.

PER CURIAM:

The government assigns as error in this appeal the district court's calculation of the total offense level, the range of punishment and the ultimate sentence of appellee. Using the 1995 guideline manual, the district court determined appellee's total offense level to be 12, and his criminal history category to be I. The range of punishment as to incarceration was therefore 10-16 months. Appellee received a sentence of nine months incarceration followed by a term of supervised release for three years, six months of which would be served by community confinement, plus a $3,000 fine. Appellant challenges the two-level downward adjustment given appellee by the trial judge in reaching the total offense level of 12 when appellee was found to be a minor participant in the criminal activity in which he was involved. U.S.S.G. § 3B1.2(b). We agree with appellant's challenge and vacate the sentence and remand for resentencing.

Pursuant to a plea agreement, appellee entered a plea of guilty to count six of a sixteen count indictment and the remaining counts were dismissed at sentencing. Count six charged appellee with transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252.

The record discloses that computer bulletin board services (BBS) in Denmark were offered to users to disseminate child pornography. A BBS is an on-line computer service that gives users

---

[*]Honorable Stephen N. Limbaugh, Senior U.S. District Judge for the Eastern District of Missouri, sitting by designation.

access to computer files. Ordinarily, a user will pay a fee to the BBS for access to its files. When a file is accessed, the user can download, that is, transfer the file to the user's computer. A user can upload a file back to BBS or to some other user.

Telephone lines and e-mail were also used to download files to users or for the user to upload his own files.

Two of the Danish BBS's had thousands of users, many of which were in the United States. Appellee was a subscriber to these two Danish services since November 1991. At the sentencing hearing, appellee insisted he never paid a fee to the BBS and was only a user and not a subscriber.

In any event, it is undisputed that appellee accessed the two Danish services and downloaded child and other pornographic materials and then uploaded other files back to the services and to other persons residing in Georgia and in other states. In the process, he would encrypt some of the files so they were inaccessible without having the necessary password to gain access.

A search of appellee's residence in implementing a warrant disclosed he had possession of a substantial amount of pornography files, dozens of which depicted child pornography. The record shows that on December 3, 1992 as alleged in Count six of the indictment, one file depicting child pornography was uploaded by appellee through another computer located in Redondo Beach, California by phone line through interstate commerce.

Numerous other persons in the United States were also prosecuted independently of appellee for engaging the BBS's in Denmark to gain access to child pornography and then upload it to others.

On the basis of this evidence, the sentencing judge determined appellee was a minor participant in the criminal activity and adjusted the base offense level downward by two levels pursuant to U.S.S.G. § 3B1.2(b).

*DISCUSSION*

We consider the district court's determination of appellee's role in the offense as a factual finding, and thus review it for clear error. *U.S. v. Fernandez,* 92 F.3d 1121, 1123 (11th Cir.1996). *U.S. v. Costales,* 5 F.3d 480, 483 (11th Cir.1993).

Appellee bears the burden of establishing the appropriateness of the downward adjustment

under U.S.S.G. § 3B1.2(b) by a preponderance of the evidence. *U.S. v. Gates,* 967 F.2d 497, 501 (11th Cir.1992). He has not met this burden.

There is no showing appellee and any BBS acted together as a group in any concerted activity. Ordinarily, a BBS charges a fee for accessing the service, yet even though appellee was able to access the service he stated he was only a user and never paid a fee and was not a subscriber.

Obviously, appellee was a substantial user and his relevant conduct involved much more than his conduct with a BBS in Denmark. In the execution of the search warrant over 200 files of child pornography were seized, yet only two child pornography files were downloaded from the BBS.

Appellee's plea to count six was to the offense of transporting child pornography in interstate commerce from Georgia to a computer in California. The record is silent as to the origin of that material. Appellee has not offered evidence to show it was one of the two files of child pornography that he downloaded from a Denmark BBS.

The evidence reveals appellee had been transmitting child pornography to other users in Georgia and in other states. It is apparent he downloaded the child files from other persons or places than the Denmark BBS as he had possession of hundreds of child files, but only received two from Denmark.

This court rejects appellee's argument that he was simply one of a large network of people engaged in the exchange of child pornography through computers and therefore played a minuscule role in a grandiose pornography operation. If this were the case the relevant conduct should include the entire activities of the operation and appellee would be subject to an upward adjustment of five levels, pursuant to U.S.S.G. § 5G2.2(b)(2). *U.S. v. Holley,* 82 F.3d 1010, 1011, 1012 (11th Cir.1996).

In addition, he would be on the same standing as all the other thousands of users and not "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, commentary-background.

Appellee acted independently of the BBS. He elected when, and how to use the service. He selected the material he used and when. He downloaded and uploaded from and to other suppliers

or users.  He elected whether to engage in child pornography or other types and whether to use the telephone, e-mail or other means of transmission or reception.  His contacts were in Georgia and in other states.

The BBS was not involved in appellee's unlawful transmissions from Georgia to California. There is no showing anyone involved in the service was even aware of the California transaction or that files obtained from the service were those transmitted.  Other than the California receiver's involvement, there is no showing anyone but appellee was involved in the offense to which he pleaded guilty.  Certainly, there is nothing in the record to suggest appellee was any more or less culpable than the California receiver.  Accordingly, appellee is not entitled to the downward adjustment.  *U.S. v. Costales,* 5 F.3d 480, 484, 485 (11th Cir.1993).

Appellee maintains that even if he is not entitled to a downward adjustment as a minor participant there should still be a role reduction by applying U.S.S.G. § 3B1.2 by analogy.  He asserts the sentencing judge found that appellee was not only entitled to an adjustment as a minor participant, but that there should be a role reduction by analogy in any event.  We do not believe the record supports the latter assertion.

To support his position, appellee relies on *U.S. v. Bierley,* 922 F.2d 1061 (3d Cir.1990) cited in *Costales,* 5 F.3d at 485.  Both cases involve sting operations conducted by undercover postal agents investigating dealing in child pornography via the mails.  In *Bierley* the court held that in "rare occurrences" a sentencing court may depart downward applying U.S.S.G. § 3B1.2 by analogy. The case was remanded to the sentencing court leaving it to that court to decide if the analogy would apply when a government agent was involved.

The court in *Costales* rejected a downward departure by analogy request under U.S.S.G. § 3B1.2 as *Costales* was the only participant.  Government agents involved could not be considered as participants.  The *Costales* court also rejected the *Bierley* court's analogic reasoning concept in the application of U.S.S.G. § 3B1.2.

We also reject the analogic reasoning concept as to the facts in this case.

The court in *Costales* referred to the commentary to § 3B1.2 that the minor/minimal role

adjustment should be used infrequently and then observed "departure by analogy should be granted even less often." 5 F.3d at 486.

The record is devoid of any valid reason why there should be a downward departure by analogy here. We have determined that no BBS was involved in appellee's unlawful transmission from Georgia to California. That transmission was simply between appellee and the California receiver and neither is more or less culpable than the other.

Unfortunately, child pornography transactions occur. The sentencing commissioners are aware of this and provide for remedies. The facts of this case are not so remarkable as to suggest a downward departure by analogy because of an omission by the commission either in its rules or commentary. There is nothing in this record to suggest there exists aggravating or mitigating circumstances of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b).

Although appellee did not appeal this case, in his brief he objected to the trial court's use of the 1995 sentencing guidelines and urged the use of the 1992 guidelines. This issue is moot as appellee did not appeal this determination and did not raise the issue before the trial court. It may not now be raised for the first time. *Narey v. Dean,* 32 F.3d 1521, 1526, 1527 (11th Cir.1994) (the exceptions to the rule are not applicable here). *U.S. v. Edmondson,* 818 F.2d 768, 769 (11th Cir.1987); App. R 4(b). We find, in any event, the district court properly used the 1995 edition of the guidelines in assessing the sentence.

Appellant's final assignment of error is also moot because of our ruling on the role in the offense issue. The district court found the base offense level to be 15 pursuant to U.S.S.G. § 2G2.2. Two levels were added following § 2G2.2(b)(1) and two subtracted because of role in the offense, § 3B1.2(b), making a total at that stage of 15. The trial court then subtracted 3 levels for acceptance of responsibility following § 3E1.1 thus arriving at the total offense level of 12. A downward adjustment for acceptance of responsibility by 3 levels may only be made when the offense level up to that point is 16 or greater; otherwise, it is only a 2 level adjustment, § 3E1.1.

Here we have sustained the district court's finding of a level 17 following § 2G2.2 and

2G2.2(b)(1). We have denied the downward adjustment of 2 levels under § 3B1.2(b) so the level is 17 before considering an acceptance of responsibility adjustment. Using a 17 level, it is clear appellee is entitled to a 3 level downward adjustment following § 3E1.1. This calculation results in a total offense level of 14. The criminal history category is I so the range of punishment for incarceration is 15-21 months.

We VACATE the sentence and REMAND for resentencing on the basis of a total offense level of 14 and a criminal history category of I.