[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12814
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00132-CR-02-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUELINE ANN DEMER,
a.k.a. Jessica Dalton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 25, 2010)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jacqueline Ann Demer appeals from her total 63-month sentence for

conspiring to defraud the United States by impeding the collection of revenue, in

violation of 18 U.S.C. § 371 (Count One), and passing fictitious instruments, in violation of 18 U.S.C. § 514(a)(2) (Counts Six to Ten). On appeal, Demer argues that: (1) the district court erred in holding her accountable, in determining her offense level at sentencing, for the total loss amount stemming from a co-conspirator's tax liability for the tax years of 1996 to 2003; (2) the district court clearly erred in failing to grant her a minor-role reduction; (3) the district court clearly erred in overruling her objection to a two-level enhancement for encouraging others, besides the co-conspirator, to violate the internal revenue laws or to impede the collection of revenue; and (4) the district court plainly erred in holding her liable for restitution in the amount of the co-conspirator's tax liability from the tax years of 2001 to 2003. After careful review, we affirm.

We review the sentencing court's application of the Sentencing Guidelines to the facts de novo, and the court's factual findings for clear error. United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005). We review for clear error a district court's factual determination of a defendant's role in the offense under U.S.S.G. § 3B1.2(b), and of a defendant's intention to encourage others under U.S.S.G. § 2T1.9(b)(2). United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc); see also United States v. Sileven, 985 F.2d 962, 970 (8th Cir. 1993). We review the district court's order of restitution de novo. United States v. Dickerson,

370 F.3d 1330, 1335 (11th Cir. 2004). Nevertheless, in this case, we review Demer's restitution argument on appeal for plain error because she failed to raise the issue below. See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). Plain error exists if there was (1) error; (2) that is "clear or obvious, rather than subject to reasonable dispute"; (3) that affects defendant's substantial rights in that it would affect the outcome of the trial; and (4) if the first three prongs are satisfied, we have the discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Puckett v. United States, 129 S.Ct. 1423, 1429 (2009).

First, we are unpersuaded by Demer's claim that the district court erred in holding her accountable, in determining her offense level at sentencing, for the total loss amount stemming from a co-conspirator's tax liability for the tax years of 1996 to 2003, because she only entered the conspiracy in January 2002. Under U.S.S.G. § 1B1.3, relevant conduct that should be taken into account to calculate a defendant's base offense level includes, among other things, "all acts and omissions committed" by the defendant, "all reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity" that "occurred during the commission of the offense of conviction," and all harm that resulted from or was the object of such acts and omissions. U.S.S.G. § 1B1.3(a).

3

We have held that, according to U.S.S.G. § 1B1.3's commentary, a defendant cannot be held accountable for conduct that occurred before her entry into the joint criminal undertaking, even if she knows of that conduct. United States v. Hunter, 323 F.3d 1314, 1320 (11th Cir. 2003).

As applied here, the district court did not err in finding that Demer was accountable for the co-conspirator's tax liability predating her entry into the conspiracy from 1996 to 2000. As the record shows, Demer committed the act of printing five fictitious bonds from her computer in 2003 and mailing them as payment in full to satisfy co-conspirator Jerry Lahr's tax liability from 1996 to 2000, in the total amount of approximately $800,000. The intended harm of Demer's act was to fraudulently discharge Lahr's tax liability from 1996 and 2000, and, in turn, deprive the IRS of approximately $800,000. Thus, the district court properly included Lahr's tax liability from 1996 to 2000 in the total loss amount attributable to Demer, based on her own conduct of mailing five fictitious bonds to discharge the co-conspirator's past liability and the financial harm that she intended to cause.[1] Further, to the extent Demer argues for the first time on appeal

[1] Moreover, Demer's reliance on United States v. Word, 129 F.3d 1209 (11th 1997), is misplaced. In Word, we held that the defendant was not responsible for the total loss amount, according to U.S.S.G. § 1B1.3, because he joined several months after the inception of the conspiracy. 129 F.3d at 1213. But even though U.S.S.G. § 1B1.3 forbids holding a defendant responsible for relevant conduct of others that occurred before her entry into the conspiracy, Word is distinguishable because the district court here attributed Lahr's pre-conspiracy tax liability from 1996 to 2000 to Demer based on her own conduct during the conspiracy and the

4

that she should not be held accountable for the tax liability accrued from the tax year of 2001, the district court did not plainly err because the district court properly held that Demer entered the conspiracy in January 2002, and helped Lahr evade his tax liability for the 2001 tax year. Raad, 406 F.3d at 1323.

Next, we find no merit in Demer's argument that the district court clearly erred in failing to grant her a minor-role reduction under U.S.S.G. § 3B1.2(b). Under U.S.S.G. § 3B1.2, if a defendant was a minor participant in the criminal activity, then the offense level is decreased by two levels. U.S.S.G. § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 comment. (n.5). A defendant who seeks an adjustment under § 3B1.2 bears the burden of proving her mitigated role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939. When determining the defendant's role in the offense, the district court's consideration is guided by two principles: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to her in calculating her offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-945.

---

intended financial harm to the IRS. See U.S.S.G. § 1B1.3 comment. (n.2).

The district court's determination -- that Demer did not play a minor role in comparison to the relevant conduct for which she was held accountable -- was not clearly erroneous. Indeed, the district court properly evaluated Demer's role against the relevant conduct that was taken into account to determine her base offense level, by comparing her role against her conduct within the conspiracy and the loss for which she was held accountable. In addition, the district court compared Demer's conduct to that of Lahr's, and concluded that each co-conspirator shared a "coterminus" role in the conspiracy. Further, the record supports the district court's findings, as the record shows that Demer: (1) established warehouse bank accounts from shell entities that she had created for Lahr to conceal his true income; (2) at Lahr's direction, used the bank deposits to purchase assets and pay expenses for him; (3) assisted Lahr with his trust seminars; and (4) printed five fictitious U.S. bonds from her computer to pay for Lahr's tax liability from 1996 to 2000 in the approximate amount of $ 800,000. Accordingly, since the district court properly compared Demer's role in the conspiracy with the relevant conduct that was attributed to her, the district court did not clearly err in denying her a minor-role adjustment.[2]

---

[2] Demer's arguments to the contrary are without merit. First, it is of no moment that Lahr might have played a more integral role than Demer because De Varon makes clear that, even assuming she was less culpable than him, there are instances where, like here, there are no minor or minimal participants. 175 F.3d at 944. Second, Demer misplaces her reliance on cases

We also reject Demer's claim that the district court clearly erred in overruling her objection to a two-level enhancement under U.S.S.G. § 2T1.9(b)(2). Section 2T1.9(b)(2) of the U.S. Sentencing Guideline provides a two-level enhancement if the defendant "intended to encourage persons other than or in addition to co-conspirators to violate the internal revenue laws or impede, impair, obstruct, or defeat the ascertainment, computation, assessment, or collection of revenue." U.S.S.G. § 2T1.9(b)(2).

The district court did not clearly err in applying the enhancement because Demer did encourage others, in addition to Lahr, to evade taxes and to obstruct the collection of revenue by the IRS. Specifically, the record shows that Demer helped an unknown number of clients evade taxes by opening various warehouse bank accounts based on approximately 30 shell entities that she had created, and she used those accounts to pay for expenses and purchase assets for her clients. Furthermore, Demer assisted Lahr with his anti-tax seminars on how to use trusts to evade taxes. Therefore, the district court did not clearly err in finding that the

standing for the proposition that, if a defendant received a lower offense level because she was convicted of a significantly less serious offense than her actual criminal conduct, a mitigating role reduction would not be appropriate. See United States v. Everett, 129 F.3d 1222 (11th Cir. 1997); United States v. Fernandez, 92 F.3d 1121 (11th Cir. 1996). Demer cannot rely on this principle for support because it does not impart that the opposite is true, i.e, that a mitigating role is always appropriate when a defendant is held accountable for the entire loss amount, as here.

record painted a "clear picture" that Demer actively encouraged, assisted, and helped others to avoid their tax obligations.

Demer's arguments on appeal against the § 2T1.9(b)(2) enhancement are without merit. First, Demer's factual assertions -- that she merely assisted Lahr with organizing the seminars and distributed UCC documents there, and that she arranged "bookkeeping services" to others -- are contradicted by the record, which shows that Demer was actively involved with Lahr's trust seminars, and that she allowed the clients to use her warehouse bank accounts to conceal their income from the IRS. Also, as for Demer's argument that the district court made its findings based solely on her anti-tax beliefs, the district court merely stated that the evidence painted a "clear picture" that, consistent with Demer's "clearly-held belief in that area," she actively encouraged, assisted, and helped others to avoid tax liabilities. Nor can Demer rely on Sileven. There, the Eighth Circuit upheld the applicability of a § 2T1.9(b)(2) enhancement where the defendant helped his clients evade taxes through his "actions and words," by accepting transfers of untaxed cash income and returning the funds in the form of untaxable loan proceeds for a fee. Sileven, 985 F.2d at 964-65, 970. Similarly, Demer helped her clients evade taxes in a scheme where she created warehouse bank accounts for them to deposit untaxed income and paid their expenses from those accounts.

8

Finally, we disagree with Demer that the district court plainly erred in holding her liable for restitution in the amount of the co-conspirator's tax liability from the tax years of 2001 to 2003. The Mandatory Victims Restitution Act requires a district court to order a defendant to pay restitution where the defendant is convicted of an offense in which an identifiable victim has suffered a pecuniary loss. 18 U.S.C. § 3663A(a)(1) and (c)(1)(B).

As an initial matter, since Demer does not contest the restitution amount assessed for the tax years of 2002 and 2003, she has abandoned any argument as to those claims. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that an issue is abandoned if the defendant fails to proffer argument on its merits on appeal). As for the restitution amount for the tax year of 2001, Demer entered the conspiracy in January 2002, and helped Lahr evade his tax liability for the 2001 tax year. Therefore, Demer was not ordered to pay restitution for losses predating her entry into the conspiracy, and the district court did not err, much less plainly err. See Raad, 406 F.3d at 1323.

**AFFIRMED.**